### CONSTRUCTION OF A BUILDING CONTRACT.

Circuit Court for Sandusky County.

THE BELLEVUE FARMERS GRAIN COMPANY v. SIMON FRONIZER, LESTER W. DEAN AND WILLIAM F. SCHMIDT.*

Decided, April 19, 1912.

*Building Contracts—Proof as to Any Waiver of Provisions of the Written Contract Must be Clear and Positive—Nature of the Warranty Given by the Contractors Construed—Damages for Failure to Complete the Work Within the Appointed Time—Charge of Court.*

1. In an action for recovery of the balance of the contract price for construction of a grain elevator, under a contract which provided that no claims should be made for extra work unless such work was done in pursuance of a written order from the party for whom the work was being performed, a claim for extras having been asserted, based on a request for such extras and their being furnished under circumstances which evidenced an expectation of payment, it is error to refuse a special charge, requested before argument, to the effect that waiver of the condition of the contract as to extras can only be shown by evidence so clear and convincing as to leave no reasonable doubt with reference thereto.

2. The provision in said contract to the effect that the contractors should indemnify and save harmless those for whom the elevator

---

*Affirmed by the Supreme Court without opinion, *Fronizer v. Bellevue Farmers' Grain Co.*, 90 Ohio State, 446.

was being constructed from any injury or damage by reason of failure of the elevator or its equipment to be servicable for the purpose intended, constituted an express warranty, and when read in connection with other provisions of the contract is not open to the construction that, if the material used and work done were in accordance with the plans and specifications agreed upon before the work was undertaken, the contractors would be relieved from responsibility for any failure of the elevator to serve the purpose intended.

3. It is erroneous, in such a case, to direct the jury to allow no damages for failure to complete the structure within the time specified, if the defendants by acts, conduct or statements extended the time, without regard to the extent to which plaintiffs were delayed in their work by such acts, conduct or statements.

*Allen Aigler* and *Jesse Vickery*, for plaintiff.

*Kinney, O'Farrell & Rimelspach* and *Parkhurst & Vickery*, contra.

WILDMAN, J.

Error to the Court of Common Pleas of Sandusky County.

The defendants in error sued in the court of common pleas as the surviving members of a partnership which formerly included said defendants in error and one M. W. Hunt, now deceased. They asked judgment against the plaintiff in error for the balance of a contract price for the construction of a grain elevator, and for certain extras for work and materials rendered and furnished by them in connection with said structure. The elevator was constructed under a written contract and a supplement thereto, the original bearing date of June 1st and the supplement June 23d, 1909. The defendant, which was an incorporated association of farmers, filed an answer and cross-petition asserting various matters of defense and counter-claim, and asking affirmative relief in the way of damages.

The essential points of the controversy between the parties may be succinctly stated as follows:

The plaintiffs assert full performance of the contract on their part, and allege $2,994.79 as a balance on the contract price and

for said extras. The defendant denies the performance of the contract, alleges numerous defects of construction, and asserts by way of defense as against the claim for extras that no order for said extras in writing was ever made by the defendant, as required by the written contract in the following terms:

"All necessary expenses are provided for by the amount contracted hereby to be paid said party of the first part, so that said amount will cover the entire cost to said party of the second part. No claims for extra work shall be made unless the same be done in pursuance of a written order from said party of the second part and given to said party of the first part prior to the doing of said extra work, or the furnishing of extra materials."

The principal claims asserted by the defendant by way of counter-claim are upon an alleged warranty, embodied in the written contract, and a stipulation that the entire work of construction should be performed between the date of the contract and August 31, 1909. As stated in the plaintiff's petition, the building was not in fact completed and ready for operation before December 6th of that year. The contract contained a provision that for any delay not due to certain specific causes beyond the control of the contractors, after the stipulated date of completion, the defendant company should be entitled to $10 for each day during such delay as liquidated damages. The total amount of damages claimed by the defendant was $4,890, for which the defendant asked judgment.

The case was tried to a jury and resulted in a verdict for the plaintiff below in the sum of $2,725.95. The record brought up to us is a very long one, embodying about 1,000 pages of evidence in the bill of exceptions, and numerous claims of error are made. It is claimed that the verdict is not sustained by this evidence, but our attention has been called to the fact that although the certificate of the trial judge asserts that the bill contains all the evidence, it lacks a written exhibit which appears to have been offered and received, and for that reason we are not attempting to pass upon the weight of the evidence. It does not appear that this exhibit is not material to such inquiry.

Among the numerous claims of error are a few which seem to demand especial attention by reason of their importance, and the fact that especial emphasis has been placed upon them in argument. I have already referred to the requirement of· the contract as to written orders for extras. The plaintiff contends that although no written orders were given, these extras were requested by the defendant and furnished under such circumstances as to evidence an expectation of payment. In view of the evidence bearing upon this point, at ·its close and before argument, the defendant among other requested instructions asked the court to give to the jury instruction No. 10, which I read:

"You are instructed that in order for the plaintiff to recover for any extras save and excepting those expressly admitted by the defendant in open court, the plaintiffs must show that the condition in the contract providing that 'No claims for extra work shall be made unless the same be done in pursuance of a written order from said party of the second part and given to said party of the first part prior to the doing of said extra work, or the furnishing of extra materials,' has been waived by the defendant and the plaintiffs must prove the waiver of the condition by such clear and convincing evidence as to leave no reasonable doubt about the waiver."

This instruction the court refused to give. It is our view that the defendant was clearly entitled to this instruction before argument, ` and that it should have been given, pursuant to *Ashley* v. *Henahan*, 56 Ohio St., 560, paragraph 5 of the syllabus. The refusal of the court to give it was reversible error, and was not cured by the giving of• a portion of it, in substance, in the general charge. That the action of the court may have resulted in prejudice is indicated by an express special finding of the jury that a part of their verdict to the amount of $316.91 was for extras in excess of such as were admitted by the defendant.

The written contract sued upon contained the following language:

"Said party of the first part shall indemnify and save harmless said party of the second part from all injury and damage

by reason of any failure of said steel elevator or equipment thereof to be serviceable for the purposes intended, to-wit, the economical receiving, handling and shipping of grain.''

This paragraph, with certain other expressions in the contract, and an indemnity bond executed in connection with it, constituted, under our construction, an express warranty, and as such was not affected by the fact that the work was to be done and materials were to be furnished by the contractors pursuant to certain plans and specifications agreed upon by the parties. The defendant contends that it is an association of farmers, unskilled in the construction of such an elevator, and that they made the contract in reliance upon assurances of the contractors that the structure, when completed pursuant to said plans and specifications, would be serviceable to the extent and in the way expressed in the contract. Incidental to this matter are certain claimed errors in the refusal of the court to permit oral evidence of conferences before and after the execution of the contract, between a director of the defendant company and some representative of the plaintiffs. We incline to the view that the holding of the court in excluding this evidence was correct, for the reason that the contract spoke for itself, and it needed no reinforcement of this character. The parties were presumed to enter into the contract in reliance upon its terms. The court, however, throughout the case seems to have adopted the contention of plaintiff's counsel, holding that if the plaintiffs constructed the building pursuant to the plans and specifications and the other express terms of the contract, it was of no consequence whether the elevator proved serviceable for the purposes intended and expressed. This is especially illustrated in the giving of plaintiff's requested instruction No. 3, and in various expressions in the general charge. Without quoting this instruction, or these expressions, it is sufficient to say that we think that the court fell into an error in this regard. Before entirely leaving this subject I should mention that the written contract between the parties contained a provision as follows:

"The whole of the work provided for in these specifications must be done to the full satisfaction of, and final acceptance by said party of the second part."

It is essential that this stipulation should not be overlooked in any consideration of the questions involving a performance on the one side and acceptance on the other. Little, if any, force seems to have been given to this important and not unfamiliar clause in building contracts in the court's definition of the rights and obligations of the parties. Indeed, as shown on page 1008 of the bill of exceptions, the judge said to the jury that even if it is a fact that the company never did accept the elevator, that fact—

"will not defeat the right of the plaintiffs to recover, if you further find that the plaintiff's firm completed said work, in substantial compliance with the contract in question in this case; if it did, it is entitled to recover the contract price."

In other parts of the charge this stipulation in the contract seems to have been overlooked. Before argument, an instruction, No. 5, asked by the defendant, which bears on this matter, was refused. This instruction reads as follows:

"The contract between the parties to this action provides that 'the whole of the work provided for in these specifications must be done to the full satisfaction of, and final acceptance by said party of the second part,' and before the plaintiffs can recover in this action they must show that they have completed the construction of this elevator and the equipment substantially in accordance with the plans and specifications, unless they show that said building was accepted by said defendant."

We think that it embodied in substance a correct proposition and should have been given.

Among the instructions asked by the plaintiff and given before argument is No. 5, as follows:

"I say to you as a matter of law, that the defendant had the right to extend the time for the performance of the contract, and waive the requirements therein as to time, and that the same need not have been in writing; and should you find from the

evidence that the defendant did extend the time for the performance of said contract, either by acts, conduct or direct statement, made to the plaintiffs, or by the ordering and directing of extra work to be done by the plaintiffs or their sub-contractor, not provided for in the contract, then defendant can not recover anything by way of damages for a failure to have said contract completed within the time specified in said contract."

This instruction was clearly erroneous, as directing the jury to allow no damages for failure to build the structure within the time specified in the contract, if the defendant by acts, conduct or statement extended the time at all, without regard to the extent to which the plaintiffs were delayed in their work by such acts, conduct or statements.

Instruction No. 3 asked by the defendant was one to which we think the defendant was entitled, and that the court erred in refusing it.   The same is true as to instruction No. 7, which called attention to the express warranty in the written contract.

We might dwell further upon the general charge of the court, which in some respects seems to us to be possibly misleading, but the errors to which attention has been expressly called seem to us so vital as to require a reversal of the judgment of the trial court; and we are not disposed to enter into unnecessary criticism of a charge, most of the features of which are entirely in accordance with the law.   I will say here that the case was sufficiently complicated and the questions sufficiently difficult to make the framing of the instructions equally so.

Upon another trial the corrections of any errors of minor character, and dependent, to some extent, upon those to which attention has been called, will readily be made without special mention of them in this opinion.   We might suggest the query whether before the re-trial there should not be some remodelling of the pleadings to avoid further possible error, in view of the fact that there is no express averment in the petition or reply of waivers of the requirements of the contract as to extras and delay in construction.   The petition alleges performance of the contract—not waiver or modification of its obligations; and it fails to allege any express contract for extras, or promise of payment therefor.

The judgment of the court of common pleas will be reversed and the cause remanded for a new trial, and further proceedings according to law.

KINKADE, J., and RICHARDS, J., concur.